IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY A. WINK, | : | |
|     Plaintiff | : | Civil Action No. 1:11-cv-00596 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DAVID OTT and FINE LINE TRIM LLC, | : | |
|     Defendants | : | |

## MEMORANDUM

Presently pending before the Court is Plaintiff's motion for summary judgment. (Doc. No. 13.) For the reasons stated more fully herein, the Court will deny the motion.

## I.   BACKGROUND

Plaintiff Jeffrey A. Wink worked as a trim carpenter for Defendant Fine Line Trim, LLC ("FLT") from May 4, 2006 until November 21, 2010. (Doc. No. 14 ¶¶ 1, 52; Doc. No. 17 ¶¶ 1, 52.) After Plaintiff was hired, Defendants issued him a company vehicle. (Doc. No. 14 ¶¶ 3-4; Doc. No. 17 ¶¶ 3-4.) Plaintiff and other FLT employees used the vehicle to travel to distant work sites as well as to transport tools. (Doc. No. 14 ¶¶ 6, 12; Doc. No. 17 ¶¶ 6, 12.) The gross weight of the vehicle did not exceed 10,000 pounds, and no more than six FLT employees traveled in the van at any given time. (Doc. No. 14 ¶¶ 35-37; Doc. No. 17 ¶¶ 35-37.)

According to Defendants, FLT employees who were working at a distant work site had three options: (1) they could commute to and from the work site at their own expense; (2) they could stay overnight near the job site at FLT's expense; or (3) they could meet co-workers at a "rendezvous point" from which one of the co-workers would drive to the work site, with Defendant FLT compensating them for fuel and toll expenses. (Doc. No. 17 ¶ 6.) Defendants assert that Plaintiff would elect the third option on "days when the Plaintiff was a crew leader or

1

lead carpenter" and there were other employees working at the same distant work site. (Id.) According to Plaintiff, on all such days, he would drive his co-workers to and from the work site. (Doc. No. 14 ¶¶ 6, 9-10.)

Defendant FLT required Plaintiff to submit weekly time sheets. (Doc. No. 14 ¶ 14; Doc. No. 17 ¶ 14.) According to Plaintiff, neither he nor other employees indicated the amount of time that they spent driving on the time sheets, and Defendant FLT had no way of determining the amount of time an employee spent driving on a given day. (Doc. No. 14 ¶¶ 20-21, 28-29.) Defendants, however, assert that employees were paid for the time they spent driving to a distant work site, that most of the time sheets identified the amount of time an employee spent driving, and Defendant David Ott, the managing member of Defendant FLT, was in daily contact with Plaintiff and would ascertain the number of hours that Plaintiff or other employees had spent driving during each week. (Doc. No. 14 ¶ 18; Doc. No. 17 ¶¶ 18, 20-21, 29, 45.) According to Defendants, Defendant Ott would review the time sheets each week and "because of the small size of the company, he was able to ascertain at the time in question, who had been doing driving the previous week." (Doc. No. 17 ¶ 22.) After determining the total number of hours of straight pay and the total number of overtime hours for each employee based on the time sheets, Defendant Ott would then provide that information to his wife, Jerrica C. Ott, who would enter the information into the payroll data system. (Doc. No. 14 ¶¶ 30-32; Doc. No. 17 ¶¶ 30-32.) FLT employees were paid "straight time," not overtime, for the amount of time that they spent driving to distant work sites. (Doc. No. 14 ¶ 23; Doc. No. 17 ¶ 23.) Plaintiff disputes the fact that Defendant Ott instructed his wife to differentiate between work hours and driving hours when entering the information into the payroll data system. (Doc. No. 14 ¶ 33.)

Plaintiff received three pay raises between September 26, 2006 and April 2010. (Doc. No. 17 ¶¶ 24-26.) On September 26, 2006, his salary was increased from $15.00 per hour to $15.25 per hour. (Doc. No. 14 ¶ 24; Doc. No. 17 ¶ 24.) On April 23, 2008, his salary was increased to $16.25 per hour. (Doc. No. 14 ¶ 25; Doc. No. 17 ¶ 25.) In April 2010, his salary was increased to $17.25 per hour. (Doc. No. 14 ¶ 26; Doc. No. 17 ¶ 26.) The parties dispute whether Plaintiff was ever compensated for his drive time. Plaintiff asserts that Defendants never compensated him for 2,035 hours of drive time, but Defendants assert that Plaintiff's pay included his drive time for which he was paid straight pay. (Doc. No. 14 ¶¶ 27, 41; Doc. No. 17 ¶¶ 28, 41.) Plaintiff asserts that he is entitled to $49,613.33, an amount constituting 2,035 hours of drive time at a rate of $24.38 per hour. (Doc. No. 14 ¶ 42.) Plaintiff also asserts that he did not receive all of the overtime pay to which he was entitled and is entitled to $1,617.94 of overtime, which Defendants dispute. (Doc. No. 14 ¶¶ 43, 50-51.) Finally, Plaintiff states that when he was not paid for his drive time, "the shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter." (Doc. No. 14 ¶ 47.)

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49

(1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52. In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Celotex, 477 U.S. at 322. With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial. Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999).

## III. DISCUSSION

In his complaint, Plaintiff raises the following counts against Defendants: (1) a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; (2) a violation of the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. § 333.101, et seq.; and (3) a violation of the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Stat. § 260, et seq. (Doc. No. 1.) The Court will address each count in turn.

### A. FLSA Claim

In Count I of his complaint, Plaintiff alleges that Defendants violated Section 207 of the FLSA. The FLSA "established a comprehensive remedial scheme requiring a minimum wage and limiting the maximum number of hours worked, absent payment of an overtime wage for all hours worked in excess of the specified maximum number." Lamon v. City of Shawnee, Kan., 972 F.2d 1145, 1149 (10th Cir. 1992). Section 207 provides in relevant part that, subject to certain exceptions, those employees who work in excess of forty hours in a workweek are entitled to compensation at a rate of one-and-one-half times their regular rate of pay. 29 U.S.C. § 207(a)(1). "In order to prevail on a FLSA overtime claim, 'plaintiffs must show that they 'performed work for which [they were] not properly compensated.'" Fed. Air Marshals v. United States, 84 Fed. Cl. 585, 592 (Fed. Cl. 2008) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). "Specifically, plaintiffs must demonstrate that they have worked hours in excess of their applicable workweek under the statute, and that they have not been compensated at least one and one-half times their regular rate for those hours." Id.

The parties appear to agree that Section 306(a) of the Technical Corrections Act ("TCA") amended the FLSA, effective June 7, 2008, to provide that drivers who meet the definition of a

covered employee[1] are entitled to overtime compensation for hours worked in excess of their

---

[1] The TCA defines a "covered employee" as an individual –

    (1)    who is employed by a motor carrier or motor private carrier (as such terms are defined by section 13102 of title 49, United States Code, as amended by section 305);

    (2)    whose work, in whole or in part, is defined–

        (A)    as that of a driver, driver's helper, loader, or mechanic; and

        (B)    as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles–

            (i)    designed or used to transport more than 8 passengers (including the driver) for compensation;

            (ii)    designed or use to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or

            (iii)    used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of title 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 of title 49, United States Code; and

    (3)    who performs duties on motor vehicles weighing 10,000 pounds or less.

P.L. 110-244 § 306(c).

applicable workweek.[2]  (Doc. No. 15 at 9; Doc. No. 19 at 13.)  Genuine issues of material fact, however, exist as to the amount of overtime compensation to which Plaintiff is entitled.  Plaintiff states in his statement of facts that Defendants did not compensate him for 2,035 hours he spent driving.  (Doc. No. 14 ¶ 41.)  After reviewing the evidence of record, the Court finds that it is far from clear that Plaintiff is entitled to overtime compensation for this amount of time.  First, Plaintiff's exhibit, which purportedly reflects the number of hours he spent driving to distant work sites between March 26, 2008 and November 16, 2010, includes approximately 167 hours accrued between March 26, 2008 and June 6, 2008, even though Plaintiff contends in his brief that he is not entitled to overtime compensation for his drive time prior to June 7, 2008.  (Doc. No. 15 at 9; Doc. No. 15-7.)  Second, Defendants have pointed to deposition testimony and other evidence contradicting Plaintiff's assertion that he drove to and from every work site listed in his exhibit.  For example, in Plaintiff's own deposition, he testified at various points that other FLT employees sometimes drove to the work sites.  (Doc. No. 15-3 at 25:12-13, 27:14-16, 27:21-23.)  Defendants have also pointed to evidence indicating that Plaintiff did not drive the company vehicle to distant work sites during at least some portion of 2010.  (Id. at 76:4-12.)

Moreover, actions under the FLSA to recover overtime compensation must be commenced within two years of the alleged violation, or within three years if the violation is willful.  29 U.S.C. § 255(a).  A violation is willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the plain language of the

---

[2] The Court notes that Defendants also appear to suggest that Plaintiff may not meet the definition of a covered employee under the TCA.  (Doc. No. 19 at 13.)  Because Defendants do not expand on this argument and because the Court will not enter summary judgment in Plaintiff's favor, the Court will not assess this issue at this time.

FLSA. McLaughlin v. Richard Shoe Co., 486 U.S. 128, 133 (1988). Plaintiff has made no argument, or pointed to evidence in the record supporting the conclusion, that Defendants willfully violated the FLSA. Viewing the evidence in the light most favorable to Defendants, a reasonable finder of fact could determine that Defendants' alleged actions were not willful. See Pignataro v. Port. Auth. of N.Y. & N.J., 593 F.3d 265, 273 (3d Cir. 2010) (whether a violation of the FLSA is willful is a question of fact). The Court, therefore, cannot determine whether the statute of limitations bars Plaintiff's FLSA claim for overtime compensation to the extent that it is based on actions Defendants took prior to March 29, 2009, two years before Plaintiff filed the complaint in this action. (Doc. No. 1.) Accordingly, the Court cannot enter summary judgment in Plaintiff's favor on his FLSA claim.

      **B.**      **PMWA and PWPCL Claims**

Plaintiff does not specifically address either his PMWA claim or his PWPCL claim in his brief in support of his motion for summary judgment. Rather, he only states that he is entitled to liquidated damages under both state and federal law because when he "was not paid for his drive time, the shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter . . . . There was no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment." (Doc. No. 15 at 14-15.)

The overtime provisions of the PMWA offer employees similar protections to what they enjoy under the FLSA. The PMWA provides in relevant part:

> Employees shall be paid for overtime not less than one and one-half times the employe[e]'s regular rate as prescribed in regulations promulgated by the secretary: . . . provided further, That the secretary shall promulgate regulations with respect to overtime subject to the

> limitations that no pay for overtime in addition to the regular rate shall be required except for hours in excess of forty hours in a workweek.

43 P.S. § 333.104(c). In their brief in opposition, Defendants, relying on Cerutti v. Frito Lay, Inc., 777 F. Supp. 2d 920 (W.D. Pa. 2011), contend that, despite the enactment of Section 306(a) of the TCA, the Pennsylvania motor carrier exception ("PMCE") makes the PMWA overtime mandate inapplicable to employees who drove vehicles weighing less than 10,001 pounds. (Doc. No. 19 at 16-17.) In Cerutti, the court concluded:

> For the period after the enactment of the TCA – June 6, 2008 – the PMCE applies to plaintiffs because that law restored their status as employees who were subject to the authority of the Secretary of Transportation. They fall within the statutory language of the PMCE. To the extent that the Pennsylvania legislature wants to follow the FLSA exemption set forth in § 306 of the TCA, the Pennsylvania legislature must change the law.

777 F. Supp. 2d at 945. For the reasons discussed with respect to Plaintiff's FLSA claim and because Plaintiff has failed to respond to Defendants' argument regarding the PMCE's application to the PMWA, the Court must deny Plaintiff's motion for summary judgment on his PMWA claim.

Finally, with respect to Plaintiff's PWPCL claim, the PWPCL "does not create a right to compensation . . [r]ather, it provides a statutory remedy when the employer breaches a[n] . . . obligation to pay earned wages." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003). Plaintiff does not raise a breach-of-contract claim against Defendants; rather, he appears to base his PWPCL claim on the fact that Defendants breached their obligations under federal and state law to pay him overtime wages. "The viability of a claim under the [PWPCL] for wages owed pursuant to an employer's statutory (rather than contractual) obligations is an

unsettled area of Pennsylvania Law." Moser v. Papadopoulos, 2011 WL 2441304, at *3 (E.D. Pa. June 16, 2011); see also Lugo v. Farmers Pride, 967 A.2d 963 (Pa. Super. Ct. 2009). In Lugo, the Pennsylvania Superior Court held that the PWPCL "is a statutory vehicle that the legislature has provided for employees to recover unpaid wages that are due to them," and allowed the plaintiffs to state a claim on a statutory basis. 967 A.2d at 969. Therefore, Plaintiff may have a viable PWPCPL claim. The Court, however, must deny entering summary judgment on this claim because genuine issues of material fact exist as to the extent of overtime compensation to which Plaintiff is entitled under the FLSA and the PMWA.

## IV.   CONCLUSION

The evidence of record before the Court reflects that there are genuine issues of material fact regarding the amount of overtime compensation to which Plaintiff may be entitled under federal and state law. The Court further recognizes that there may be a dispute as to whether Plaintiff is a covered employee for purposes of his FLSA claim. Accordingly, the Court must deny Plaintiff's motion for summary judgment on all of his claims. An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY A. WINK,** | **:** | |
| **Plaintiff** | **:** | **Civil Action No. 1:11-cv-00596** |
| | **:** | |
| **v.** | **:** | **(Chief Judge Kane)** |
| | **:** | |
| **DAVID OTT and FINE LINE TRIM LLC,** | **:** | |
| **Defendants** | **:** | |

**ORDER**

**AND NOW**, on this 21st day of May 2012, upon consideration of Plaintiff Jeffrey A. Wink's motion for summary judgment (Doc. No. 13), **IT IS HEREBY ORDERED THAT** the motion is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania