IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY A. WINK,<br>    Plaintiff<br><br>v.<br><br>DAVID OTT and FINE LINE TRIM LLC,<br>    Defendants | :<br>: Civil Action No. 1:11-cv-00596<br>:<br>: (Chief Judge Kane)<br>:<br>:<br>: |

## MEMORANDUM ORDER

Presently pending before the Court are five motions in limine filed by Plaintiff Jeffrey A. Wink. (Doc. No. 22.) The Court will address each motion in turn.

I. **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OF PLAINTIFF'S UNEMPLOYMENT COMPENSATION**

In his first motion in limine, Plaintiff states only: "The parties agree that there should not be any reference made to the subject of Unemployment Compensation in the case." (Doc. No. 23 at 1.) In response, Defendants state that Defendants have "agreed not to make any reference to the subject of unemployment compensation during the trial." (Doc. No. 31 at 1.) In light of the agreement between the parties on this issue, the Court will deny this motion as moot.

II. **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OF PLAINTIFF'S TERMINATION**

In his second motion in limine, Plaintiff seeks to preclude Defendants from introducing evidence of the circumstances surrounding his termination from Defendants' employment on the basis that such evidence is not relevant to his claims under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, or the Pennsylvania Wage Payment and Collection Law. (Doc. No. 23 at 2.) In opposition, Defendants assert that this evidence bears

directly on Plaintiff's credibility. (Doc. No. 31 at 2.)

Evidence is considered relevant if "it has any tendency to make a fact more probable or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. At issue in this action is whether Defendants properly compensated Plaintiff for the hours he spent driving to distant work sites. Typically, an action such as this would hinge on documentation, such as payroll records reflecting the number of hours an employee worked. See, e.g., Haught v. U.S. Eng'g Contractors Corp., No. 07-cv-80436, 2009 WL 36591, at *3 (S.D. Fla. Jan. 6, 2009). Here, however, the Court is skeptical of the degree to which any official payroll records – to the extent they exist – will aid the jury in determining the amount of compensation to which Plaintiff is entitled. Instead, as a result of apparently imprecise bookkeeping and the parties' markedly divergent opinions on the amount of compensation to which Plaintiff is entitled, it is more likely that this action will hinge on the credibility of the parties. Accordingly, the Court will deny Plaintiff's second motion in limine on the basis that – unlike a typical FLSA action in which a plaintiff's termination would likely be irrelevant to whether his employer violated the FLSA – the circumstances surrounding Plaintiff's termination and his motivations for filing suit against Defendants are relevant to his credibility. See Blakeslee v. Shaw Infrastructure, Inc., No. 09-cv-00214, 2011 WL 4529775, at *2 (D. Alaska Sept. 30, 2011) (ruling on a motion in limine that the circumstances of an employee's termination were relevant to the employee's credibility).

### III. PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OF A PLEA OF GUILTY ENTERED BY PLAINTIFF IN JUNE 2000 FOR IMPEACHMENT PURPOSES

In his third motion in limine, Plaintiff seeks to preclude Defendants from "rais[ing] as a

matter of impeachment that Plaintiff plead[ed] guilty to" the crime of providing false reports to law enforcement authorities in violation of 18 Pa. C.S. § 4906.  (Doc. No. 23 at 3; Doc. No. 23-1 at 1, 5.)  Plaintiff contends that evidence of his conviction should be precluded under Rule 609(b) of the Federal Rules of Evidence because the conviction is more than ten years old.  (Id.)

Rule 609(b) applies only "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later."  Fed. R. Evid. 609(b).  Here, Plaintiff pleaded guilty to the crime of providing false reports to law enforcement authorities on June 2, 2000.  (Doc. No. 23-1 at 5.)  On June 13, 2002, his probation was terminated.  (Id. at 6.)  Defendants contend that Rule 609(b) is not applicable because the rule's ten-year period "begins the date [a] witness is released from probation of a conviction; and ends the day the witness testifies at trial."  (Doc. No. 31 at 3.)  In Defendant's view, because trial in this matter is scheduled to commence within ten years of the termination of Plaintiff's probation, the conviction is less than ten years old.  (Id.)  The Court does not agree.  In calculating the ten-year period, "release from confinement" does "not include any period of probation or parole."[1]  6

---

[1] The Court notes that Defendants rely on Trindle v. Sonat Marine, Inc., 697 F. Supp. 879 (E.D. Pa. 1988), to support their argument.  (Doc. No. 31 at 3.)  However, as noted by the United States Court of Appeals for the Fifth Circuit:

> The court in Trindle cited to a 1971 letter from Deputy Attorney General Kleindienst to Chief Justice Burger regarding proposed changes to the Rule 609 amendments being considered.  Trindle, 697 F. Supp. at 881 n.4 (quoting 10 James Wm. Moore & Helen I. Bendix, Moore's Federal Practice § 609.01 [1.-8] (2d ed. 1988)).  The Rule 609(b) amendments as actually adopted, however, differed substantially from the proposal discussed in the letter.  The proposal would have retained earlier language which started the ten-year clock running from the date of expiration of probation or parole.  This aspect of Deputy Attorney General Kleindienst's proposal was not adopted . . . .

Weinstein's Federal Evidence § 609.07[3] (citing United States v. Daniel, 957 F.2d 162, 168 (5th Cir. 1992)); see also United States v. Rogers, 542 F.3d 197, 201 (7th Cir. 2008) ("[P]robation does not constitute 'confinement' within the meaning of Rule 609(b)."); United States v. Butch, 48 F. Supp. 2d 453, 465 (D.N.J. 1999). Therefore, the Court finds that Plaintiff's conviction is more than ten years old and, as a result, Rule 609(b) is applicable.

Having determined that Rule 609(b) is applicable, the Court must determine whether Plaintiff's conviction is admissible pursuant to that rule. Rule 609(a) permits parties to use evidence of a past conviction to impeach witnesses if it involved "a dishonest act or false statement." Providing a false report to a law enforcement officer, of course, involves dishonesty and false statement. Rule 609(b), however, bars the admittance of a criminal conviction that is more than ten years old unless: (1) "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect;" and (2) "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

The Court recognizes the age of Plaintiff's conviction and the fact that it occurred during Plaintiff's formative years. Nevertheless, as noted above, Plaintiff's credibility is of paramount importance to this action. Because the crime of providing false reports to law enforcement authorities bears directly on Plaintiff's credibility, the Court finds that the probative value of the conviction substantially outweighs its prejudicial effect. Further, the Court finds that Defendants

---

Daniel, 957 F.2d at 168 n.3; see also Butch, 48 F. Supp. 2d at 465 ("The change in language of [Rule 609] forecloses the interpretation that 'release from confinement' includes parole and probation.") (quoting Daniel, 957 F.2d at 168) (brackets omitted). Therefore, the Court declines to follow the interpretation articulated by the Eastern District of Pennsylvania in Trindle.

provided sufficient notice of their intent to use the conviction. Therefore, the Court will deny Plaintiff's third motion in limine and permit Plaintiff's conviction to be admitted for the purpose of impeachment. See United States v. Rankin, No. 05-cr-615, 2007 WL 1181022, at *3-*4 (E.D. Pa. Apr. 18, 2007) (finding that a defendant's conviction for making false statements in an affidavit, which was more than ten years old, was admissible under Rule 609(b) because the conviction "could not be more relevant to the issue of [the defendant's] credibility").

### IV. PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE THAT HE MISREPRESENTED HIS PRIOR CRIMINAL HISTORY DURING HIS DEPOSITION

Plaintiff's fourth motion in limine seeks to preclude Defendants from introducing at trial that Plaintiff testified at his deposition on October 19, 2011 that he had no criminal history apart from parking and speeding tickets. (Doc. No. 23 at 3-4; Doc. No. 31 at 9.) In support of this motion, Plaintiff filed an affidavit, stating that he pleaded guilty to the crime of providing false reports to law enforcement authorities on June 2, 2000, and that he "had forgotten that [he] had plead[ed] guilty to the offense" at the time of his deposition. (Doc. No. 23-1 at 7-8.)

If Plaintiff's misrepresentation is probative of his credibility, it may be admissible impeachment evidence, subject to the restrictions in Rule 608(b) of the Federal Rules of Evidence, which states:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b). Thus, a party may ask a witness on cross-examination about a specific

instance of conduct probative of that witness's character for truthfulness, but "[i]f the witness denies the conduct, . . . the questioning party must take the witness' answer[.]" United States v. Matthews, 168 F.3d 1234, 1244 (11th Cir. 1999). The Court finds that Plaintiff's misrepresentation at his deposition is probative of his credibility and, therefore, is admissible under Rule 608(b) and may be inquired into on cross-examination. Accordingly, the Court will deny Plaintiff's fourth motion in limine. Defendants, however, are only permitted to ask Plaintiff about the misrepresentation and may not offer extrinsic evidence of the conduct. Id.

V.  **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF MORGAN BRODBECK AND RICHARD HARBAUGH AT TRIAL**

Finally, Plaintiff seeks to exclude the testimony of Morgan Brodbeck and Richard Harbaugh at trial. (Doc. No. 23 at 4.) Plaintiff argues that he will be prejudiced if Mr. Brodbeck and Mr. Harbaugh are allowed to testify at trial because Defendants did not identify them as potential trial witnesses until the Rule 16.3 conference held on April 23, 2012. (Id.) In opposition, Defendants contend that Plaintiff never requested Defendants to identify trial witnesses prior to April 23, 2012, and that Plaintiff will not be prejudiced because Mr. Brodbeck and Mr. Harbaugh were his co-workers and because he answered questions about them during his deposition, demonstrating his familiarity with them. (Doc. No. 31 at 6-7.)

Even assuming that Defendants' disclosure of Mr. Brodbeck and Mr. Harbaugh as potential trial witnesses was in violation of a discovery rule, the Court will not preclude them from testifying because their inclusion as trial witnesses will not prejudice Plaintiff. See In re TMI Litig., 193 F.3d 613, 721 (3d Cir. 1999) (noting that excluding evidence is an "extreme sanction" for a violation of a discovery rule). First, Plaintiff, as shown by his testimony at his

deposition, has firsthand knowledge of the topics that will likely be the focus of Mr. Brodbeck's and Mr. Harbaugh's testimony.  For example, as Defendants point out, Plaintiff testified that Mr. Brodbeck was one of the partners of Defendant Fine Line Trim LLC and that he was hired at the suggestion of Mr. Brodbeck.  (Doc. No. 31 at 9.)  Plaintiff further testified that Mr. Harbaugh was his direct supervisor in 2010 and that both he and Mr. Harbaugh drove to distant job sites, an issue that is the subject of his lawsuit.  (Doc. No. 15-3 at 64.)  Second, the Court addressed this motion with counsel at the May 22, 2012 pretrial conference and collaborated with them regarding alternative trial dates that would provide Plaintiff's counsel with sufficient time to interview or depose Mr. Brodbeck and Mr. Harbaugh.  In order to accommodate Plaintiff's counsel, the Court will continue trial in this matter from June 4, 2012 to June 25, 2012.

    **ACCORDINGLY**, on this 1st day of June 2012, **IT IS HEREBY ORDERED THAT:**

1.     Plaintiff's second, third, fourth, and fifth motions in limine (Doc. No. 22) are **DENIED**;

2.     Plaintiff's first motion in limine (Doc. No. 22) is **DENIED AS MOOT**;

3.     Jury selection and trial, currently set to commence on June 4, 2012, is **CONTINUED** to June 25, 2012, at 9:30 a.m., in Courtroom No. 1, Ninth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania; and

4.     The parties shall file trial briefs on or before June 20, 2012.

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania